IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| LONG JOHN SILVER'S, LLC and | ) | |
| WEBB CHAPEL VILLAGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, her Complaint against Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, KATELYN HANKS (hereinafter "Plaintiff"), is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to Long John Silvers and the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, LONG JOHN SILVER'S, LLC (hereinafter "LONG JOHN SILVER'S, LLC") is a foreign limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.     Defendant, LONG JOHN SILVER'S, LLC, may be properly served with process via its registered agent for service, to wit:  CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX  75201.

9.     Defendant, WEBB CHAPEL VILLAGE, INC. (hereinafter "WEBB CHAPEL VILLAGE, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, WEBB CHAPEL VILLAGE, INC., may be properly served with process via its registered agent for service, to wit:  David E. Claasen, Registered Agent, 8400

Westchester, Suite300, Dallas, TX 75225.

## **FACTUAL ALLEGATIONS**

11.     On or about March 6, 2019, Plaintiff was a customer at "Long John Silvers," a business located at 3106 Forest Lane, Dallas, TX  75234, referenced herein as the "Long John Silvers."

12.     LONG JOHN SILVER'S, LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     WEBB CHAPEL VILLAGE, INC. is the owner or co-owner of the real property and improvements that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives only 21 miles from the Property.

15.     Plaintiff has travelled in the area of the Property before and is often in that area for advocacy purposes.

16.     Plaintiff's access to the business(es) located at 3106 Forest Lane, Dallas, TX 75234, Dallas County Property Appraiser's parcel identification number 00000595672000000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and he will be denied and/or limited in the future unless and until Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Long John Silvers and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Long John Silvers and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Long John Silvers and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint

are removed Long John Silvers and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Long John Silvers and the Property are made accessible and to maintain sanding for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Long John Silvers and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Long John Silvers and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Long John Silvers and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Long John Silvers and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     Long John Silvers is a public accommodation and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Long John Silvers must be, but is not, in compliance with the ADA and ADAAG

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.     Plaintiff has attempted to, and has to the extent possible, accessed Long John Silvers and the Property in her capacity as a customer at Long John Silvers and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Long John Silvers and the Property that preclude and/or limit her access to Long John Silvers and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Long John Silvers and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Long John Silvers and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Long

John Silvers and the Property that preclude and/or limit her access to Long John Silvers and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.    Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Long John Silvers and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.    Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., are compelled to remove all physical barriers that exist at Long John Silvers and the Property, including those specifically set forth herein, and make Long John Silvers and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Long John Silvers and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Long John Silvers and the Property include, but are not limited to:

(a)    **ACCESSIBLE ELEMENTS:**

(i)    The access aisle to the accessible parking space in front of Long John Silvers is not level due to the presence of an accessible ramp in the access aisle in violation

of Section 502.4 of the 2010 ADAAG standards. While there is an area adjacent to (directly north) of the accessible parking space that does not have a ramp in it, it is not marked as an access aisle as there are portions of the marked area that have a width below 60 inches and therefore does not qualify as an access aisle in compliance with section 502.3.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)     The ground surfaces of the accessible parking space and access aisle in front of Long John Silvers has vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iii)    The walking surfaces of the accessible route leading from the accessible parking space in front of Long John Silvers to the entrance of Long John Silvers have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iv)  The doorway of the accessible entrance of Long John Silvers is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v)  There is a doorway threshold at Long John Silvers with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(vi)  The accessible entrance to Long John Silvers has a doorway that lacks clear space of at least 32 inches in violation of Section 404.2.3 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the interior of the Property.

(vii)  The vertical reach to the utensil and straw dispensers inside Long John Silvers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(viii)  The building on the Property containing Pearle Vision Optometrist has an accessible parking space with an access aisle containing a ramp in the access aisle making the surfaces of the access aisle unlevel, this is a violation of section 502.4 and 406.5 of the 2010 ADAAG Standards.

(ix)  The building on the Property containing Pearle Vision Optometrist has an accessible parking space lacking signage identifying it as accessible in violation of section 502.6 of the 2010 ADAAG Standards.

(x)     Closest to CiCi's Pizza in the main building on the Property are two accessible parking spaces sharing a single access aisle, but due to an accessible ramp in the access aisle the access aisle is not level in violation of section 502.4 and 406.5 of the 2010 ADAAG Standards.

(xi)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN LONG JOHN SILVERS**

(i)     The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(iii)   The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)      The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)     The height of the toilet seat is below the minimum height of 17 (seventeen) inches in violation of Section 604.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)    The restroom has a broken floor drain that creates an excessive vertical rise in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.      The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Long John Silvers and the Property.

37.      Plaintiff requires an inspection of Long John Silvers and the Property in order to determine all of the discriminatory conditions present at Long John Silvers and the Property in violation of the ADA.

38.      The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.       All of the violations alleged herein are readily achievable to modify to bring Long John Silvers and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Long John Silvers and the Property are readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Long John Silvers and the Property is readily achievable because Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., have the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, Long John Silvers and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Long John Silvers and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., to modify Long John Silvers and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, LONG JOHN SILVER'S, LLC, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, WEBB CHAPEL VILLAGE, INC., in violation of the ADA and ADAAG;

(c)     That the Court issue an Order requiring Defendants, LONG JOHN SILVER'S, LLC and WEBB CHAPEL VILLAGE, INC., to (i) remove the physical barriers to access and (ii) alter Long John Silvers and the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 29, 2019.

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A

13

Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
KATELYN HANKS